UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALIB WILLIAMS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 21-cv-09586-JST (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 97 |

    This order resolves the parties' discovery dispute at dkt. 97, in which Plaintiffs seek an order compelling the production of exhibits 76, 87, and 88 to an Office of Internal Affairs Investigation Report (OAI-IR). Dkt. 97 at 1–2. Defendants produced the OIA-IR in response to set one of Plaintiffs' requests for production of documents, but withheld these exhibits as privileged. *Id.* at 2, 4. Defendants described these exhibits in a privilege log citing the "government and official information privileges." *Id.* at 2. The Court held a hearing on April 9, 2024, during which the Court found the requested documents were relevant and instructed Defendants to submit the documents with proposed redactions for *in camera* review. Having reviewed the redactions, the Court is satisfied the redactions are appropriate.

    Defendants assert the official information privilege, which is governed by federal common law. *See Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citing *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 198 (9th Cir. 1975). Courts determine whether the information is privileged by weighing "the potential benefits of disclosure against the potential disadvantages." *Sanchez v. City of Santa Ana*, 936 F.2d 1027,

1033–34 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991).  Procedurally, the party asserting the official information privilege must first make a "substantial threshold showing," by submitting a declaration or affidavit.  *Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987).  Defendants submitted such a declaration.  Dkt. 97-3, Harden Decl.

Plaintiffs contend that the protective order in this case is sufficient to address Defendants' concerns.  During the hearing on April 9th, the Court found that the documents were relevant and that the protective order addresses Defendants' governmental or privacy interests, although redactions of the documents may be warranted based on safety concerns.  The Court ordered *in camera* review of Defendants' proposed redactions.  Dkt. 99.  Defendants submitted their proposed redactions for *in camera* review.

The Court is persuaded that the documents should be disclosed, and that Defendants' proposed redactions should be applied such that disclosure does not "jeopardize the safety of inmates, staff, and the institution."  Dkt. 97 at 7.  Plaintiffs' request to compel production is granted.  By **May 31, 2024**, Defendants are ordered to produce redacted copies of exhibits 76, 87, and 88 to the OAI-IR.

**IT IS SO ORDERED.**

Dated: May 21, 2024

_____
Alex G. Tse
United States Magistrate Judge