UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALIB WILLIAMS, et al.,<br><br>      Plaintiffs,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT OF COR-RECTIONS AND REHABILITATION, et al.,<br><br>      Defendants. | Case No.  21-cv-09586-JST   (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 255 |

The parties dispute whether the Court should strike Dr. Brittany Friedman's supplemental report (served May 22, 2026) under Federal Rule of Civil Procedure 37(c). Dkt. 255. The Court now denies the request to strike Dr. Friedman's supplemental report.

Defendants first argue that Dr. Friedman's supplemental report is untimely. Plaintiffs served the report on May 22, 2026, just two business days prior to Dr. Friedman's deposition. Dkt. 255 at 2–3. Plaintiffs point out that the report arrived one week before the close of class certification expert discovery. *Id.* at 5.

As to timeliness, Plaintiffs are correct: the supplemental report was not produced after a case deadline. Moreover, Defendants' authorities are easily distinguishable. In *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, for example, the Ninth Circuit upheld a district court's exclusion of an expert whose report was served "almost two years after the close of discovery, more than one year after [plaintiff's expert's] report was last supplemented, and just 28 days prior to trial." 259 F.3d 1101, 1105–07 (9th Cir. 2001). In *Mariscal v. Graco,*

*Inc.*, the court found an additional report untimely when that report was served alongside an opposition to summary judgment, after the close of discovery and after the deadlines for expert reports. 52 F. Supp. 3d 973, 981–84 (N.D. Cal. 2014). And in *Plumley v. Mockett*, a court found untimely a supplemental report filed months after the close of discovery and deadline for expert disclosures. 836 F. Supp. 2d 1053, 1062–64 (C.D. Cal. 2010). Here, by contrast, Dr. Friedman's supplemental report was served prior to the close of class certification expert discovery. This is not a ground on which the Court will strike Dr. Friedman's report.

Defendants next argue that there is no justification for the timing of this supplemental report. Dkt. 255 at 2–3. Dr. Friedman's supplemental report primarily relies on materials which Defendants produced months ago, prior to Dr. Friedman's initial report. *Id.*

Dr. Friedman's initial report was incomplete. But Plaintiffs provided an explanation: the expert mistakenly missed the documents.[1] *Id.* at 5. Dr. Friedman's supplemental report, according to Plaintiffs, relies on discovery produced near or after the deadline to disclose class certification experts, and on other discovery that Dr. Friedman possessed but inadvertently failed to review until after her March 20, 2026, deposition. *Id.*

Dr. Friedman was asked about a possible supplemental report at the conclusion of her initial deposition on March 20, 2026, two months prior to the service of the supplemental report. Dr. Friedman said, "I might do like do a supplemental." Dkt. 255-1, Exhibit D. And that, "if I were to do a rebuttal of an expert report — of the expert report that I was recently able to review, I guess that I am considering — that's something I am considering. But in

---

[1] Neither side describes what these missed documents were, exactly. The Court's ultimate relief doesn't change based on the content or volume of the missed documents.

my mind, that falls under supplemental." *Id.* Defendants apparently didn't ask any follow up questions (or submit any counter testimony from Dr. Friedman's deposition). So, it shouldn't be any surprise to Defendants that Dr. Friedman submitted a supplemental report.

When Dr. Friedman did subsequently submit a supplemental report, a few days before her second day of deposition, was that unfair to the Defendants? It was not. Defendants could have continued the deposition or sought immediate relief from the Court. Instead, Defendants elected to go forward with the second day of deposition. That was a reasonable choice, and that also means Dr. Friedman was examined after service of her supplemental report. Based on this record, any prejudice to Defendants by this supplemental report has been perhaps averted by the opportunity to depose Dr. Friedman.

Defendants further argue that Dr. Friedman's supplemental report is not truly a supplement. Dkt. 255 at 1–2. It is 104 pages, whereas her original report was only 60 pages, and relies upon three additional collections of documents. *Id.* Plaintiffs respond that Dr. Friedman's report provides no new opinions and that supplementation is permitted under Rule 26(e)(1)(A). *Id.* at 4–5.

"[A] supplemental expert report that states additional opinions or seeks to strengthen or deepen opinions expressed in the original expert report is beyond the scope of proper supplementation . . . ." *Plumley*, 836 F. Supp. 2d at 1062 (cleaned up). Defendants have failed to show that Dr. Friedman included new opinions, only that her second report was longer and relied upon more evidence. *Cf. Reinsdorf v. Skechers U.S.A.*, 922 F. Supp. 2d 866, 881 (C.D. Cal. 2013) (excluding as improper where the supplemental report was "a new opinion rather than a supplement, and that [the expert's] reliance on the newly available 'general ledger type' data [was] a mere pretext"). Nor do Defendants argue that they will

need to retain an additional expert to respond, only that their existing expert will need to review Dr. Friedman's supplemental report. *See* dkt. 255 at 3. In light of this, the Court doesn't find that Dr. Friedman's second report was an improper supplement.[2]

Finally, Defendants do request a third day of deposition if the Court does not strike Dr. Friedman's supplemental report. *See* dkt. 255 at 3. That result is fair and reasonable.[3]

The parties shall first meet and confer by no later than **June 26, 2026**, to agree on what topics should be covered during that third day of deposition, and how much time is required.[4] If the parties are unable to agree, they may return to Court for relief by **July 10, 2026**.

This order dispenses with dkt. 255.

**IT IS SO ORDERED.**

Dated: June 12, 2026

_____
Alex G. Tse
United States Magistrate Judge

---

[2] Defendants argue that Dr. Friedman prepared her supplemental report after reviewing Defendants' rebuttal report, which is disfavored. Dkt. 255 at 2–3. But again, Defendants' case is distinguishable. In *In re Toy Asbestos Litig.*, the defendant sought to supplement months after the close of discovery and after the filing of dispositive motions, which were set to be heard by the court less than a week later. No. 19-CV-00325-HSG, 2020 WL 8815916, at *3 (N.D. Cal. May 27, 2020). Here, again, there is no missed deadline.

[3] Plaintiffs seem amenable to this relief. Dkt. 255 at 5–6.

[4] For example, Defendants will not be permitted to cover ground already examined in Dr. Friedman's first two depositions. Both sides must accept responsibility for the current predicament. Dr. Friedman's oversight in reviewing all the records resulted in the supplemental report from Plaintiffs. And after receiving the supplemental report, Defendants elected to go forward with the deposition.