United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TALIB WILLIAMS, et al.,

Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

Case No. 21-cv-09586-JST

**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**

Re: ECF No. 271

Before the Court is Plaintiffs' motion for relief from Magistrate Judge Alex G. Tse's non-dispositive pretrial order. ECF No. 271. On May 25, 2026, Plaintiffs served a supplemental report by their expert, Dr. Brittany Friedman, which had become necessary because Dr. Friedman "inadvertently missed a folder of evidence provided to her during Dr. Friedman's deposition on March 20, 2026." ECF No. 255 at 5. Defendants moved to strike the supplemental report, arguing that the two-month delay between her discovery of the omitted documents and the report required exclusion. ECF No. 255. Judge Tse denied the motion, finding that the report was timely because it was served before the expert discovery deadline and that the delay in supplementing the report was explained by the expert's inadvertent failure to consider documents. ECF No. 257. Defendants now move to set aside Judge Tse's order and strike the supplemental report.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Id.* This "deferential standard . . . indicates that decisions by the magistrate judge on nondispositive matters are essentially final

decisions of the district court which may be appealed in due course with other issues." *United States v. Abonce-Barrera*, 257 F.3d 959, 968-69 (9th Cir. 2001) (quotation marks and citation omitted). Under the "clearly erroneous" standard, "the district court may only set aside [a magistrate judge's] factual determinations if it is left with a definite and firm conviction that a mistake has been committed." *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quotation marks and citation omitted). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (quoting *Conant v. McCoffey*, No. 97-cv-0139-FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998)).

Defendants have not demonstrated that Judge Tse's ruling is clearly erroneous or contrary to law. Defendants complain that Judge Tse erred by permitting Plaintiffs' expert to supplement her report using information that was in Plaintiffs' counsel's possession before her original report was issued. The motion cites a case decided by the undersigned in which an expert was not permitted to supplement her report to include data that had been in sponsoring counsel's possession all along. ECF No. 271 at 3 (citing *Holzhauer v. Golden Gate Bridge Highway & Transp. Dist.*, No. 13-cv-02862-JST, 2015 WL 12976923, at *2 (N.D. Cal. June 11, 2015). That decision was permissible, but so was Judge Tse's. "The concept of discretion implies that, at least in some cases, a decision may properly go either way." *In re Large*, 41 Cal. 4th 538, 554 (2007).

Similarly, Defendants argue that Judge Tse erred by excusing the timing of the supplemental report, which was served two months after the expert learned of her omission. ECF No. 271 at 4. Defendants cite a case—once again, decided by the undersigned—finding that two months was too long for a party to notify its opponent of the need to supplement two expert reports. Id. at 4–5 (citing *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2019 WL 468809, at *3 (N.D. Cal. Feb. 6, 2019). As with *Holzhauer*, the Court believes that *Oracle* was correctly decided, but it cannot say that outcome was the only permissible one. For Defendants to prevail on this motion, they would need to establish that an expert can *never* supplement her report based on negligently unconsidered information, or take two months to issue a supplemental report, *as a matter of law*. Defendants have not met that burden.

Defendants argue that inadvertence is not an excuse for late disclosure under Rule 37. ECF No. 271 at 5. Since Judge Tse did not find that disclosure was late, the Court need not address this argument. The same is true concerning Defendants' argument that Judge Tse gave inadequate consideration to the prejudice to Defendants. The Court further finds that the additional day of deposition granted by Judge Tse eliminated whatever prejudice there might have been.

Because Defendants have not demonstrated that Judge Tse's order is clearly erroneous or contrary to law, their motion for relief from a non-dispositive pretrial order of a Magistrate Judge is denied.

**IT IS SO ORDERED.**

Dated: July 17, 2026

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California