United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TALIB WILLIAMS, et al.,

Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

Defendants.

Case No. 21-cv-09586-JST

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

Re: ECF No. 202

Before the Court is Plaintiffs' motion for leave to file a second amended complaint. ECF No. 202. The Court will grant the motion.

## I. BACKGROUND

Plaintiffs Talib Williams and Dimario Pickford filed this complaint on December 11, 2021 on behalf of themselves and similarly situated individuals.[1] ECF No. 1. They allege that Defendant California Department of Corrections and Rehabilitation ("CDCR") and certain of its correctional officers rounded up, handcuffed, and beat the Plaintiffs and other Black incarcerated persons on account of their race on July 20, 2020 in an operation called "Operation Akili." ECF

[1] Defendants in this litigation are California Department of Corrections and Rehabilitation ("CDCR"), CDCR Secretary Kathleen Allison, Correctional Training Facility ("CTF") Warden Craig Koenig, Office of Correctional Safety ("OCS") Chief Derrick Marion, Assistant Institutional Gang Investigator Blake Barron, Assistant Chief Deputy Warden of CTF Keith E. Mensing, Correctional Officer Y. Martinez, Crisis Response Team Commander A. Villalobos, Investigative Services Unit Lieutenant J. G. Lopez, and Investigative Services Unit Sergeant H. Vera. ECF No. 3-1 ¶ 1.

No. 3-1 at ¶¶ 2–3. Plaintiffs allege that many of the putative class members contracted COVID-19 from this operation. *Id.* ¶ 4. Several of those rounded up were wrongfully found to be affiliated with a "Security Threat Group" ("STG"), which allegedly subjected them to harsh, disparate treatment. *Id.* Plaintiffs claim that Operation Akili was an instance of broader CDCR policies that intentionally discriminate against incarcerated persons on the basis of their race. *Id*. ¶¶ 32, 39, 46–47, 52.

Plaintiffs' initial complaint sought to represent a class of prisoners consisting only of those who were targeted during the raid. ECF No. 3-1. On January 5, 2023, Plaintiffs amended their complaint to add two additional Plaintiffs. ECF No. 57. The Court subsequently set a deadline to amend the pleadings of March 31, 2023. ECF No. 71. Following an extensive history of discovery disputes, this Court referred the case to Magistrate Judge Alex G. Tse for a recommendation regarding an amended pretrial schedule including a revised deadline to amend the pleadings. ECF No. 171. Judge Tse issued a recommendation that the Court reset the deadline to file an amended complaint to November 1, 2025, which this Court adopted. ECF Nos. 189, 194.

On November 3, 2025, Plaintiffs filed this motion for leave to file an amended complaint. ECF Nos. 200, 202.[2] They seek to add 38 new defendants, two new constitutional claims, and new class and subclass definitions. ECF No. 202. Defendants opposed on November 17, 2025. ECF No. 206. Plaintiffs replied on November 24, 2025. ECF No. 210.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

Because the Court has already found good cause to amend the scheduling order, ECF No. 194, Plaintiffs are required to satisfy only the "good cause" standard of Rule 15[3] and not the more demanding standard of Rule 16. Under Rule 15(a)(2), a "court should freely give leave [to amend]

[2] Defendants do not contest the timeliness of the motion relative to the November 1, 2025 deadline.
[3] All references are to the Federal Rules of Civil Procedure unless stated otherwise.

when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Generally, the court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "[C]onsideration of prejudice to the opposing party carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## IV. DISCUSSION

Plaintiffs describe their proposed amendments as follows:

> The proposed Second Amended Complaint adds thirty-five defendants and two new claims based upon the newly discovered information about the breadth of Operation Akili and the way it harmed Black men at CTF. The complaint alleges facts against the new defendants and some additional facts about Operation Akili to support these Class and Subclass definitions. The Second Amended Complaint also makes clear that it is raising supervisory liability claims as well as direct liability claims. Finally, the Second Amended Complaint redefines the Class, as it is larger now than simply those raided, and adds three Subclasses based on the newly discovered harms to Plaintiffs, known putative class members, and previously unknown putative class members.

ECF No. 202 at 11–12 . CDCR argues that Plaintiffs' motion should be denied for reasons of futility, undue delay, and undue prejudice. ECF No. 206.

### A. Failure to Attach Affidavits, Declarations, or Supplemental Evidence.

As a preliminary matter, CDCR argues in passing that the Court should deny Plaintiffs' motion because they failed to provide affidavits or declarations in support of the introduction and procedural history sections of their motion. ECF No. 206 at 4 (citing Civ. L.R. 7-2(d) and 7-5(a)). Although much of the procedural history is contained on the case docket, CDCR is correct that certain factual representations—for example, about discovery—should have been supported by a declaration from counsel. Since resolution of the motion depends on the history of the litigation

between the parties, and not facts about the underlying dispute, and since CDCR does not dispute the substance of Plaintiffs' representations, the Court concludes the error is harmless and overrules this objection.

**B. New Defendants**

Plaintiffs seek to add 35 new defendants who are CDCR correctional officers who participated in Operation Akili. ECF No. 200-1. CDCR opposes the motion on the ground that Plaintiffs delayed unduly in seeking leave to amend. It notes that it served its responses to Plaintiffs' Requests for Production of Documents (Set Two) on April 24, 2023, including in that production documents identifying Investigative Services Unit (ISU) staff, a chart identifying each ISU member, and a listing of the interviews of Crisis Response Team (CRT) members who were involved in Operation Akili. ECF No. 206 at 3. CDCR notes further that on May 23, 2024—almost 18 months before Plaintiffs filed their motion—Defendants produced Final Statistics Report that identified the 189 incarcerated persons referenced in Plaintiffs' motion. *Id.* It argues further that CDCR and the individual defendants would be unduly prejudiced by the long delay in seeking amendment because "[i]t would balloon the scope of discovery" and "extend[] the duration of the case by a year or more." *Id.* at 5.

Plaintiffs have no good answer to CDCR's undue delay argument. Plaintiffs do not dispute that they were made aware of the proposed new defendants' identities through the April 2023 document productions, but claim regardless that the Defendants' delay in producing discovery and the ongoing discovery disputes were the real sources of delay. ECF No. 210 at 13. As CDCR points out, however, Plaintiffs failed to promptly bring their discovery disputes to the Court for resolution. "The parties have an obligation to timely raise discovery disputes." *Reader v. Residential Credit Sols. Inc.*, No. CV-13-02568-PHX-DJH, 2015 WL 12661940, at *5 (D. Ariz. Sept. 30, 2015). Thus, the Court finds that Plaintiffs delayed unduly in seeking amendment.

However, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 665 F.2d 977, 980 (9th Cir. 1981). "When a plaintiff seeks to add a new defendant, the addition of a new defendant is proper so long as it does not prejudice the new party." *Safety Vision, LLC v. Enter. Funding Corp.*, No. 21-SACV-01750-CJC(KESX), 2022

WL 19263347, at *2 (C.D. Cal. Jan. 19, 2022) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

The Court cannot find prejudice on this record. While it might be true as a general matter that "delay prejudices defendant[s] as . . . memories fade with the passage of time," *Stenson v. Safeway, Inc.*, No. 3:22-CV-01205-YY, 2023 WL 5917994, at *2 (D. Or. Aug. 16, 2023), *report and recommendation adopted*, No. 3:22-CV-01205-YY, 2023 WL 5887247 (D. Or. Sept. 11, 2023), a presumption that the passage of time is prejudicial conflicts with Ninth Circuit authority that undue delay alone is insufficient to deny amendment, *see United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) ("The mere fact that an amendment is offered late in the case is . . . not enough to bar it." (quoting 3 Moore's Federal Practice s 15.08(4) at 15-102 (ellipse in original))). CDCR has not identified any specific prejudice defendants will suffer beyond the passage of time or the lengthening of the case schedule. Nor has CDCR identified any bad faith on Plaintiffs' part. Accordingly, the Court will grant Plaintiffs' request for leave to add 35 additional defendants.

**C. New Claims**

Plaintiffs also seek leave to two causes of action under 42 U.S.C. § 1983 for violation of the Eighth and Fourteenth Amendments. CDCR opposes the inclusion of these new claims, arguing that Plaintiffs unduly delayed: they could have alleged their claims in their original, December 2021 complaint and offer no justification for not having done so. ECF No. 206 at 6. Plaintiffs do not dispute that they were aware of the new claims at least by the time of the April 2023 document production, but again claim that the Defendants' other delays in producing documents productions and the persistent discovery disputes in the case were the sources of the delay. ECF No. 202 at 15; ECF No. 210 at 13.

Plaintiffs' new Eighth Amendment cruel and unusual punishment claim involves the same July 20, 2020 events as their other Operation Akili claim and raises similar allegations regarding correctional officers' physical mistreatment of incarcerated persons. *Compare* ECF No. 59 ¶¶56–61 *with* ECF No. 203-2 ¶¶ 248–261. Plaintiffs' new Fourteenth Amendment procedural due process claim alleges that certain incarcerated persons were designated as STG-affiliated without notice or opportunity to contest the allegations, which are also similar to other allegations in the

United States District Court
Northern District of California

original complaint. *Compare* ECF No. 59 ¶¶ 86–95 *with* ECF No. 203-2 ¶¶ 278–287. Neither of these claims appears to be based on recently discovered facts. They could have been pleaded in the original complaint. Plaintiffs also amended their complaint once before in 2023 and did not attempt to add these claims at that time. ECF No. 59.

Once again, however, even where a defendant can demonstrate that the plaintiff unreasonably delayed in bringing a motion, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987), "particularly 'where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith,'" *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004) (quoting *Hurn v. Ret. Fund Trust of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981)). Although "courts have denied motions to amend for failure to include the new contentions or causes of action in the original complaint when the moving party could have done so, in most cases the denial was based on the existence of prejudice." *MEECO Mfg. Co. v. Imperial Mfg. Grp.*, No. C03-3061JLR, 2005 WL 8172679, at *2 (W.D. Wash. Mar. 11, 2005). "Mere addition of new claims does not, in and of itself, establish prejudice sufficient to support denial of leave to amend." *Johnson*, No. 15-cv-02004-JSC, 2015 WL 4913266, at *5, s*ee Bickoff v. Wells Fargo Bank, N.A.*, No. 14-CV-1065 BEN (WVG), 2015 WL 12910741, at *5 (S.D. Cal. June 10, 2015) (granting motion to amend to add over 10 claims where the new claims did not "greatly alter[ ] the nature of the litigation").

To determine whether an amendment would prejudice a party, the court considers whether the amended complaint would "greatly change the parties' positions in the action, and require the assertion of new defenses." *Kohler v. Flava Enterprises, Inc.*, No. 10–CV–730–IEG (NLS), 2011 WL 666899, *2 (S.D. Cal. Feb. 17, 2011). CDCR does not articulate the specific prejudice it would suffer from permitting amendment, and the Court notes that the proposed new claims are based on the same nucleus of operative facts underpinning Plaintiffs' other claims about Operation Akili. *See Sierra Club v. Union Oil Co. of California*, 813 F.2d 1480, 1493 (9th Cir. 1987), *vacated on other grounds*, 485 U.S. 931 (1988) (finding that "where a defendant is on notice of

the facts contained in an amendment to a complaint, there is no prejudice to defendant in allowing the amendment."). Nor does the Court find bad faith.

CDCR also argues that amendment would be futile. ECF No. 206 at 7. It contends that the amended complaint suffers from factual deficiencies, the claims are not meritorious, the new Eighth and Fourteenth Amendment claims are time-barred, and that the relation back doctrine does not apply to preserve their timeliness. ECF No. 206 at 7. "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation modified). "Under Rule 15(a), '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Allen v. Bayshore Mall*, No. 12-cv-02368-JST, 6441504 WL 2013, at *5 (N.D. Cal. Dec. 9, 2013) (quoting *Foman*, 371 U.S. at 182). For this reason, "[d]enial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Ass'n Servs., Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted). CDCR has not shown that this is the rare case in which denial of leave to amend on futility grounds is appropriate. Accordingly, the Court will defer ruling on CDCR's substantive arguments until a more appropriate juncture.

### D. New Subclasses

Plaintiffs seek leave to amend the class definition to include additional named plaintiffs and propose new subclasses. The current class definition in this case is as follows:

> Plaintiffs bring this class action on behalf of themselves and similarly situated Black incarcerated people who were subjected to the Raid on July 20, 2020 and a subclass who received a source item or were STG validated as a result of or after the Raid up to the date of trial.

ECF No. 57 ¶ 131.

In the proposed amended complaint, Plaintiffs redefine the proposed Class as including over 100 individuals who were not subjects of the raid but were targeted for classification as a

suspect or validated as affiliated with an STG after Operation Akili. ECF No. 200-1 ¶¶ 170-177; ECF No. 202 at 11. The proposed class definition is as follows:

> Plaintiffs bring this class action on behalf of themselves and similarly situated Black incarcerated people who were targets of Operation Akili and included on the Final Statistics Report for Operation Akili.

ECF No. 200-1 ¶ 170. They also propose to add three subclasses:

> The "Raid Subclass" are those members who were forcibly removed from their cells on July 20, 2020 at CTF and subjected to both body and cell searches. . . .
>
> The "Raid Subclass" are those members who were forcibly removed from their cells on July 20, 2020 at CTF and subjected to both body and cell searches. . . .
>
> The "STG Subclass" are those members who received at least one source item toward identification as a STG affiliate due to Operation Akili.

ECF No. 200-1 ¶¶ 171–173. CDCR makes no specific arguments in regards to the request to alter the class definitions, and the Court will grant leave as to that request.

**CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiffs' motion for leave to file an amended complaint. Plaintiffs shall file their amended complaint with 14 days of this order.

**IT IS SO ORDERED.**

Dated: August 11, 2026

JON S. TIGAR
United States District Judge